**12 CIV 3373**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JOSHUA BERNSTEIN

    Plaintiff

vs.

STATE OF NEW YORK, APPELLATE DIVISION OF
THE SUPREME COURT OF THE STATE OF NEW YORK
FOR THE SECOND DEPARTMENT, GRIEVANCE COMMITTEE
FOR THE SECOND, ELEVENTH AND THIRTEENTH JUDICIAL
DISTRICTS, NEW YORK STATE OFFICE OF COURT
ADMINISTRATION

    Defendants

COMPLAINT

Related to and Supersedes:
Bernstein v. New York,
(USDC-SDNY, 06-CV-5681) (SAS)

*[RECEIVED APR 27 2012 U.S.D.C. S.D.N.Y. CASHIERS stamp]*

---

The plaintiff, complaining of the defendants, alleges:

### As and for a First Cause of Action

1. As **explicitly** permitted under the holdings of the Bowling Green Savings Bank v. Todd, 52 NY 489 (1873), In re Application of Knapp, 85 NY 284 (1881), as well as, more recently, People v. Keeffe, 50 NY2d 149, 428 NYS2d 446, 405 NE2d 1012 (1980), an attorney has a retaining lien on funds intended for the benefit of a client which come into his possession, to the extent of the amount then due to the attorney by that client, absent the **explicit** waiver thereof described in West v. Bacon, 164 NY 425 (1900).

2. Neither defendant APPELLATE DIVISION OF THE SUPREME COURT OF THE STATE OF NEW YORK FOR THE SECOND DEPARTMENT ("the trial Court") nor defendant GRIEVANCE COMMITTEE FOR THE SECOND, ELEVENTH

*ORIGINAL*

AND THIRTEENTH JUDICIAL DISTRICTS ("the Committee") likes attorney retaining liens. In fact, they are contemptuous of them, as evidenced, with respect to the trial Court, by the fact that there is not one reported case wherein an attorney retaining lien has been recognized by that Court, notwithstanding the Court of Appeals holding of People v. Keeffe, 50 NY2d 149, 428 NYS2d 446, 405 NE2d 1012 (1980), id., wherein the trial Court was explicitly reversed on that issue !

3.   The Committee initiated a disciplinary proceeding against the plaintiff, notwithstanding his assertion that the act complained of in connection therewith was privileged, pursuant to the attorney retaining lien which he had asserted against funds given to him by a third-party on behalf of a client at the time, whose sum totalled significantly less than the sum then due to the plaintiff by that client at that time. There was never any *explicit* waiver of such lien by the plaintiff, the sole condition which would have vitiated the lien, pursuant to West v. Bacon, 164 NY 425 (1900), supra.

4.   The trial Court disbarred the plaintiff in connection with the act complained of, though, in its Order with respect thereto ("the disbarment Order"), acknowledged that the plaintiff had asserted an attorney retaining lien defense in connection therewith. The Order of the trial Court focused, with respect to assertion of such lien, on the hardship caused the client, who was incarcerated at the time, notwithstanding that the assertion of any lien, be it an attorney retaining lien or otherwise, will,

inevitably, cause hardship. Significantly, none of the holdings cited in paragraph 1 of the complaint, to wit, Bowling Green Savings Bank v. Todd, 52 NY 489 (1873), In re Application of Knapp, 85 NY 284 (1881), and People v. Keeffe, 50 NY2d 149, 428 NYS2d 446, 405 NE2d 1012 (1980), same being the **sole** reported cases in New York with respect to an attorney retaining lien asserted against money, make any exception whatsoever for hardship caused a client in connection with the assertion of such lien !

5.  Bernstein v. New York, (USDC-SDNY, 06-CV-5681), held that, notwithstanding plaintiff's Due Process claim therein that the arbitrary refusal of the trial Court to follow **binding** precedent on the issue violated his 14th Amendment Due Process rights, the Rooker-Feldman Doctrine ("Rooker-Feldman") barred review of the trial Court Order by a United States District Court ("a District Court"), inasmuch as, unless expressly provided for by Congress, a District Court has original jurisdiction only and, thus, is without jurisdiction to "review" the trial Court Order, given that such "review" is, by definition, appellate in nature. However, "bias" of the Committee and of the trial Court, to wit, defendants in this action who are contemptuous of attorney retaining liens, as aforesaid, was, however, never an issue therein. Such "bias" is contemptuous of the United States Supreme Court holding of In re Murchison, 349 U.S. 133 (1955), to wit, **"A fair trial in a fair tribunal is a basic requirement of due process. Fairness, of course, requires an absence of actual bias bias in the trial of cases."**, id., at 136, and the fact that "bias" of the Committee and of the trial Court was not raised in Bernstein v. New York,

id., does not collaterally bar same in this action, inasmuch as the latter was dismissed for lack of subject matter jurisdiction and collateral estoppel is inapplicable to a dismissed action. In addition, "Rooker-Feldman" is inapplicable where bias of the trial Court is alleged, inasmuch as a "review" of the trial Court Order is never reached, given that the bias itself constitutes a 14th Amendment Due Process violation, which precludes the trial Court from conducting a trial therein, pursuant to In re Murchison, 349 U.S. 133 (1955), id., and, as such, the only issue for this Court to decide is whether the trial Court committed such violation by conducting such trial, as opposed to "reviewing" the Order made in connection therewith !

6.  Plaintiff had a 14th Amendment Due Process right to "a fair trial in a fair tribunal" and the Committee and the trial Court take comfort in the fact that, as a result of the 1985 changes to the New York State Constitution, the only manner in which the New York Court of Appeals could have acquired jurisdiction of an appeal of the disbarment Order would have been upon leave of the trial Court, for which application by the plaintiff was made and, not surprisingly, given the aforesaid bias, thereafter rejected.

7.  Upon the foregoing, plaintiff was denied "A fair trial in a fair tribunal" in connection with the special proceeding which gives rise to this action. Inasmuch as "A fair trial in a fair tribunal is a basic requirement of due process", pursuant to In re Murchison, 349 U.S. 133, id., at 136, as aforesaid, the plaintiff was denied due process by the defendant State of New York.

WHEREFORE, as and for a First Cause of Action, plaintiff asks for a Declaratory Judgment adjudging that he was denied due process in connection with the aforesaid special proceeding by defendant State of New York.

## As and for a Second Cause of Action

8. The disbarment Order recites that the disbarment proceeding which is the subject thereof was commenced pursuant to New York Judiciary Law ("Judiciary Law") 90(2).

9. Judiciary Law 90(2) is unconstitutional, for vagueness, by reason of the fact that neither said statute, with respect to the "professional misconduct" contingency thereof, same the premise of the disbarment Order, nor any other statute, defines "professional misconduct", nor does said statute, nor any other statute, codify a procedure for the "determination" of "guilt" thereof, notwithstanding that Judiciary Law 90(2) confers upon the Appellate Division the power to impose discipline upon one "guilty" of "professional misconduct" ! Assuming arguendo that "professional misconduct" is commonly understood by attorneys to mean the violation of a Disciplinary Rule, notwithstanding that such understanding is not codified, as aforesaid, the fact remains that a procedure for the determination of the guilt or innocence of an accused attorney with respect thereto is nowhere codified ! Conversely, with respect to the remaining two contingencies which are the subject of Judiciary Law 90(2), to wit, guilt of a felony and guilt of a misdemeanor, guilt of the accused attorney with

respect to either or both would have been pre-determined by another Court or by other Courts, pursuant to a **codified** procedure in connection with that determination or each such determination !

10. Inasmuch as the aforesaid unconstitutionality of the statute is self-evident from its face and, thus, does not require a "review" of the disbarment Order, Rooker-Feldman does not bar a cause of action which asks that a District Court declare Judiciary Law 90(2) unconstitutional.

WHEREFORE, as and for a Second Cause of Action, plaintiff asks for a Declaratory Judgment declaring Judiciary Law 90(2) unconstitutional, for vagueness, together with the costs and disbursements of this action.

_____
Joshua Bernstein

Joshua Bernstein
Plaintiff, pro se
1410 East 10th Street, Room 110
Brooklyn, New York 11230
718-391-8644 (available 24/7)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSHUA BERNSTEIN

       Plaintiff

  vs.

STATE OF NEW YORK, APPELLATE DIVISION OF
THE SUPREME COURT OF THE STATE OF NEW YORK
FOR THE SECOND DEPARTMENT, GRIEVANCE COMMITTEE
FOR THE SECOND, ELEVENTH AND THIRTEENTH JUDICIAL
DISTRICTS, NEW YORK STATE OFFICE OF COURT
ADMINISTRATION

       Defendants

COMPLAINT

*Joshua Bernstein*

Joshua Bernstein
Plaintiff, pro se
1410 East 10th Street, Room 110
Brooklyn, New York 11230
718 391 8644 (available 24/7)