UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                   :

JOSHUA BERNSTEIN,

                  Plaintiff,

     -against-

STATE OF NEW YORK;
APPELLATE DIVISION OF THE SUPREME    :    OPINION & ORDER
COURT OF THE STATE OF NEW YORK FOR
THE SECOND DEPARTMENT; GRIEVANCE
COMMITTEE FOR THE SECOND, ELEVENTH   :    12 Civ. 3373 (PAE)
AND THIRTEENTH JUDICIAL DISTRICTS; and
NEW YORK STATE OFFICE OF COURT
ADMINISTRATION,

                  Defendants.
------------------------------------------------------------X

PAUL A. ENGELMAYER, United States District Judge:

       Plaintiff, appearing *pro se*, brings this action seeking declaratory relief. He asks that the Court declare (1) that he has been denied due process of law in connection with his disbarment, and (2) that N.Y. Jud. Law § 90(2) is unconstitutional. The Court construes Plaintiff's action as brought under 42 U.S.C. § 1983. For the reasons set forth below, the Court dismisses the Complaint.

I.    **Standard of Review**

       The Court has the authority to dismiss *sua sponte* a complaint which presents no arguably meritorious issue, including where, as here, the plaintiff has paid the required filing fee. *See Fitzgerald v. First E. Seventh Tenants Corp.*, 221 F.3d 362, 363–64 (2d Cir. 2000) (a district court may dismiss a frivolous complaint *sua sponte* even when the plaintiff has paid the required

filing fee); *Pillay v. INS*, 45 F.3d 14, 17 (2d Cir. 1995). In considering whether to dismiss a complaint as frivolous, a district court "remain[s] obligated to construe a *pro se* complaint liberally." *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). Thus, *pro se* complaints should be read with "special solicitude" and should be interpreted to raise the "strongest [claims] that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474–75 (2d Cir. 2006) (citations omitted); *but see Tracy v. Freshwater*, 623 F.3d 90, 102 (2d Cir. 2010) ("the degree of solicitude may be lessened where the particular *pro se* litigant is experienced in litigation and familiar with the procedural setting presented"); *Gundlach v. Int'l Bus. Machs. Corp.*, No. 11-cv-0846, 2012 WL 1520919, at *3 (S.D.N.Y. May 1, 2012) (an attorney appearing as a *pro se* plaintiff is "not entitled to the same liberality afforded other *pro se* plaintiffs").

## II. Background

Bernstein is a disbarred attorney who had been admitted to practice in New York. The Grievance Committee for the Second, Eleventh and Thirteenth Judicial Districts ("Grievance Committee") brought disciplinary proceedings against him "pursuant to [an] attorney retaining lien [that] he had asserted against funds given to him by a third[ ]party on behalf of a client . . . ." He appears to have been disbarred ultimately by the Appellate Division of the Supreme Court of the State of New York for the Second Department ("Appellate Division"). Bernstein alleges that he was denied due process with regard to his disbarment. He also alleges that N.Y. Jud. Law § 90(2), the state statutory authority under which his disciplinary proceedings and disbarment took place, is unconstitutional because it is vague.

**III.     Discussion**

   **A.  The Eleventh Amendment**

Bernstein's claims must be dismissed pursuant to the Eleventh Amendment.  The Eleventh Amendment bars from federal court all suits by private parties against a state unless the state consents to such a suit or Congress has abrogated its immunity validly.  *See Bd. of Trs. of the Univ. of Ala. v. Garrett*, 531 U.S. 356, 363–64 (2001); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98–100 (1984).  This immunity from suit applies to a state regardless of the relief sought.  *See Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993); *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985); *Halderman*, 465 U.S. at 101–02; *Ward v. Thomas*, 207 F.3d 114, 119–20 (2d Cir. 2000) (citing and quoting *Green v. Mansour*, 474 U.S. 64, 71–73 (1985)).  A state's immunity extends to state entities, such as the Appellate Division, the Grievance Committee and the other state-entity defendant, the New York State Office of Court Administration ("OCA").  *See Halderman*, 465 U.S. at 100–02; *Posr v. Court Officer Shield No. 207*, 180 F.3d 409, 414 (2d Cir. 1999) (extending immunity to the OCA); *Bernstein v. New York*, 591 F. Supp. 2d 448, 465 (S.D.N.Y. 2008) (extending immunity to the Appellate Division); *Thaler v. Casella*, 960 F. Supp. 691, 700–01 (S.D.N.Y. 1997) (extending immunity to the Grievance Committee).  Because the State of New York, its entities, including the Appellate Division, the Grievance Committee, and the OCA, have not consented to being sued in federal court and Congress has not abrogated the state's immunity with respect to to § 1983, *see Dube v. State Univ. of New York*, 900 F.2d 587, 594 (2d Cir. 1990); *Trotman v.*

[3]

*Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977), Bernstein's claims must be dismissed.[1]

## IV. Procedural Posture

The Court notes that Bernstein filed a previous similar action in this Court that was dismissed pursuant to Fed. R. Civ. P. 12(b)(1) and (6). *See Bernstein v. New York*, No. 06-cv-5681, 2007 WL 438169 at *5–6 (S.D.N.Y. Feb. 9, 2007) (Scheindlin, J.) (terming Bernstein's attempt to sidestep claim preclusion and the *Rooker-Feldman* doctrine "sheer sophistry"). In light of Bernstein's litigation history and legal training, this Court finds that he should have been aware of the defendants' Eleventh Amendment immunity when he filed this action. *See Sledge v. Kooi*, 564 F.3d 105, 109–10 (2d Cir. 2009) (discussing circumstances where a frequent *pro se* litigant may be charged with knowledge of particular legal requirements). Accordingly, he is warned that further duplicative or frivolous litigation regarding his disbarment will result in an order barring him from filing new actions in this Court without prior permission. *See* 28 U.S.C. § 1651(a); *In re Martin-Trigona*, 9 F.3d 226, 227–29 (2d Cir. 1993) (discussing various sanctions courts may impose upon vexatious litigants).

---

[1] "In an injunctive or declaratory action grounded on federal law, the State's immunity *can* be overcome by naming state officials as defendants." *Graham*, 473 U.S. at 169 n.18 (emphasis in original); *see id.* at 167 n.14 ("Unless a State has waived its Eleventh Amendment immunity or Congress has overridden it, . . . a State cannot be sued directly in its own name regardless of the relief sought."). Bernstein did not name any state officials as defendants in this action.

## CONCLUSION

The Complaint is dismissed pursuant to the Eleventh Amendment. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Clerk of Court is directed to terminate this case.

SO ORDERED.

_____
PAUL A. ENGELMAYER
United States District Judge

Dated: May 10, 2012
       New York, New York